Case 2:23-cv-00502-JRG   Document 2-4   Filed 10/26/23   Page 1 of 14 PageID #: 136

EXHIBIT 3

Filed 9/22/2023 5:54 PM
Sherry Griffis
District Clerk
Harrison County, Texas
Robyn Nielsen
Deputy

CAUSE NO. 23-0926

| | | |
|---|---|---|
| **WESTSIDE CHURCH OF CHRIST OF MARSHALL TEXAS** | § § § | IN THE DISTRICT COURT |
| **Plaintiff** | § § | |
| v. | § § § | 71st ___ JUDICIAL DISTRICT |
| **CHURCH MUTUAL INSURANCE COMPANY, S.I.** | § § § § | |
| **Defendant** | § | HARRISON COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Westside Church of Christ of Marshall Texas files this original petition against Defendant Church Mutual Insurance Company, S.I., in which Plaintiff seeks only monetary relief of over $250,000 but not more than $1,000,000. In support of this petition, the Plaintiff will show this honorable court as follows:

### I. Parties, Venue, and Discovery Level

Plaintiff, Westside Church of Christ of Marshall Texas (hereinafter "WCC"), is a Texas resident church located at 3003 Hynson Springs Rd., Marshall, Texas 75670.

Defendant, Church Mutual Insurance Company, S.I. (hereinafter "CMIC "), is an insurance company doing business in Texas that can be served by serving its registered agent at Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

The venue of this case is proper in Harrison County, Texas under Sections 15.002 and 15.032 of the Texas Civil Practices and Remedies Code and Section 17.56 of the Deceptive Trade Practices-Consumer Protection Act (hereafter the "DTPA").

Plaintiff intends to conduct discovery in this case under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

## II. Agency and Respondeat Superior

Whenever in this petition it is alleged that Defendant did any act or thing, it is meant that Defendant or its agents, officers, servants, employees, or representatives did such act or thing. They were also done with the full authorization or ratification of Defendant or done in the normal routine, course, and scope of the agency or employment of Defendant or agents, officers, servants, employees, or representatives.

## III. Conditions Precedent

All conditions precedent to recovery have occurred or been performed.

## IV. Facts of the Case

Plaintiff purchased a property insurance policy from CMIC (Policy Number 0305472-02-088359) to cover property losses at its property located at 3003 Hynson Springs Rd., Marshall, Texas 75670, for the policy period of March 17, 2020, to March 17, 2023. On or about January 19, 2022, during the subject policy period, a hail and windstorm caused substantial damage to Plaintiff's property. On or about January 25, 2022, Plaintiff reported this loss to CMIC and its agents, who assigned this loss the claim number 1468699 with an incorrect date of loss as January 17, 2022. CMIC assigned Ruth B. Daley to adjust the insurance claim.

Daley and CMIC retained Jeff Hykel with CCG to assist with adjusting the claim. On February 11, 2022, CMIC also retained ProNet Group, Inc. (hereinafter " ProNet"), to inspect the property and determine if hail damage existed and the origin and cause of reported interior water leaks. On February 16, 2022, Jonathan Caudil of Quality Claims Consulting provided an estimate to CMIC.

On April 27, 2022, Lief E. Lindblom, P.E. of ProNet inspected the exterior roof, partial attic space, and interior of Plaintiff's property to assess the damage from the January 19, 2022 hail and windstorm. This inspection occurred over two and a half months after ProNet was

retained thus improperly delaying the claim. According to CMIC, the delay was because Jonathan Caudill of Quality Claims Consulting was the first to do an estimate, and when CMIC received the estimate CMIC requested more time to review it. Previously, an inspection was scheduled for March 11, 2022, but ProNet postponed the inspection because Plaintiff had hired a public adjuster.

True to form, in a May 31, 2022 report, ProNet concluded that (1) the roof coverings to the building had not been damaged by hail (2) that historical hail events had resulted in non-structural indentations on various vent caps on the roof, which did not diminish their functionality or relative service life (3) hip cap shingles were made more susceptible to displacement due to the improper original installation and could be replaced (4) the various moisture stains in the ceiling tiles and wood sanctuary roof were the result of a combination of improper/inadequate roof installation, long-term deterioration of the roof covering, and HVAC related condensation and drainage concerns (5) and there were no storm-created openings on the roof or exterior of the building. Although ProNet noted widespread hail marks on the property's roof and metal fixtures, it still concluded that the roof coverings of the building were not damaged by hail and that the damage was a result of previous "historical" wind or hail events and improper installation of hip cap shingles. In this respect, Lindblom did not conduct an adequate or reasonable investigation of the storm damage to Plaintiff's property.

Based on this report, In a June 3, 2022 estimate, Hykel determined the Replacement Cost Value of the hail and windstorm damage repairs to the Plaintiff's property at $754.75. After subtracting depreciation, and applying a deductible, CMIC determined that the actual cash value claim for the property was below the deductible and no payment was made to Plaintiff.

Plaintiff believes that CMIC hires adjusters like Daley and Hykel because they are not objective and biased for the insurers. CMIC knows these adjusters will provide CMIC with a low-balled and result-oriented estimate and reports on which CMIC can deny or underpay an insured's hail and windstorm damage claim.

As a result of the inadequate investigation, Plaintiff retained Gary H. Pennington, a Texas Public Adjuster, with Blackstone Claim Services, Inc. (hereinafter "Blackstone"), to assist in the complete evaluation of its claim. Blackstone thoroughly inspected and assessed all the damage to the Plaintiff's property resulting from the January 19, 2022, hail and windstorm. Blackstone determined that the date of loss of the claim was January 19, 2022, and not the date provided by CMIC based on multiple professional sources noting a significant hailstorm occurring in and around the area of the Property. Blackstone also revealed extensive hail damage existed to the exterior of the property. In Blackstone's June 13, 2022 estimate, Blackstone estimated the Replacement Cost Value of the damage to the Plaintiff's dwelling at $346,472.02, less the deductible for a net claim of $341,472.02. Blackstone determined that the Plaintiff's property sustained substantial physical damage to the exterior roof, metal roof, gutters, flashings, interior sanctuary, men's dressing room, bathroom, and ceiling. A copy of this estimate was submitted to CMIC along with a proof of loss. In correspondence dated August 4, 2022, CMIC rejected Plaintiff's proof of loss and estimate from Blackstone.

Thereafter, Plaintiff retained Chaparral Consulting and Forensics (hereinafter "Chaparral") to assist with the evaluation of the roof and issue a report on the findings. In a report dated November 10, 2022, During the roof inspection Chaparral discovered hail dents to a 20-gauge (heavy) steel AC cowling, dents to metal parapet caps, and metal roof panels. It also found hail caused bruises to the shingles of the roof. Chaparral also discovered hail dents to aluminum heat stack vent covers with multiple points of impact. Chaparral concluded that

jagged hail impacted the roof of the building during the January 19, 2022 storm and recommended a total roof replacement of the shingles on the building. A copy of this report was provided to CMIC.

In correspondence dated January 23, 2023, CMIC informed Plaintiff that ProNet did not agree with Chaparral's report and findings. CMIC informed Plaintiff that the Chaparral report did not provide any new data or information that would require ProNet to modify the conclusions in their original Report of Findings. CMIC would stand on its original claim decision. To date, CMIC has failed and refused to pay Plaintiff for the proper repair of the hail and windstorm damage to its property from the January 19, 2022 storm.

### V. Cause of Action for Breach of Contract

According to the insurance policy that Plaintiff purchased, CMIC has the duty to investigate and pay the Plaintiff's policy benefits for claims made for damages to Plaintiff's property caused by the January 19, 2022 hail and windstorm. The subject hail and windstorm caused substantial damage to the Plaintiff's property, which is covered under the Plaintiff's insurance policy with CMIC. The Plaintiff fully performed under this contract and paid all of the premiums for the promised coverage. Despite such performance, CMIC breached its contractual obligation and the subject insurance policy by failing to properly pay Plaintiff's policy benefits for the cost to repair the storm damage to Plaintiff's property from the January 19, 2022 storm. CMIC has also breached any contractual provisions on timely investigating, adjusting, and paying the Plaintiff's insurance claim. As a result of these breaches of contract, Plaintiff has suffered the damages that are described in this petition.

### VI. Causes of Action for Violation of Chapter 542 of the Insurance Code

CMIC's conduct that is described in this petition violates Chapter 542 of the Texas Insurance Code (hereafter "the TPPCA"). Within 15 days after the receipt of actual and written notice of the Plaintiff's storm damage insurance claim, CMIC did not request from the

Plaintiff any items, statements, and forms that it reasonably believed would be required from the Plaintiff for the claim, as required under Section 542.055 of the TPCCA. As a result, Defendant has violated Section 542.056 of the TPCCA by failing to accept or reject Plaintiff's claim in writing within 15 business days after the initial period under Section 542.055 described above. CMIC has also violated Section 542.058 by failing to pay Plaintiff's claim within 75 days after the initial period under Section 542.055 described above. In the event it is determined that CMIC owes Plaintiff any additional monies, then CMIC has automatically violated Chapter 542 of the Texas Insurance Code, which is a strict liability statute.

For these violations, CMIC owes Plaintiffs the 13.50% per annum interest as damages under Section 542.060 of the Texas Insurance Code. Under Section 542.060, Plaintiff is also entitled to recover their reasonable and necessary attorney's fees against Defendant, which shall be taxed as part of the costs in the case.

## VII. **DTPA Causes of Action**

Plaintiff incorporates all of the allegations in this petition for these causes of action against Defendant, CMIC, and its agents under the provisions of the DTPA. Plaintiff has met all conditions precedent to bringing these causes of action against Defendant. Specifically, CMIC and its agents' violations of the DTPA include, without limitation, the following matters:

A. By their acts, omissions, failures, and conduct that are described in this petition, CMIC and its agents have violated Sections 17.46(b)(5), (7), (12), and (20) of the DTPA. In this respect, Defendant's violations include, without limitation, (1) Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim; (2) Defendant's failure to properly investigate Plaintiff's claim; (3) Defendant's hiring of and reliance upon bias adjusters and consultants to obtain favorable, result-oriented reports to assist Defendant in denying Plaintiff's insurance claim; (4) Defendant's misrepresentations that are described in this petition; and (5) Defendant's failure to pay for the proper repair of Plaintiff's property after Defendant's liability had become reasonably clear;

B. As described in this petition, CMIC and its agents represented to Plaintiff that the subject insurance policy, Defendant's adjusting and investigative services, and its

numerous misrepresentations as described herein including the extent of damage to Plaintiff's property from the January 19, 2022 storm had characteristics or benefits that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

C. As described in this petition, CMIC and its agents represented to Plaintiff that the subject insurance policy, Defendant's adjusting and investigative services, and their numerous misrepresentations as described herein including the misrepresentation of the extent of damage to Plaintiff's property from the January 19, 2022 storm were of a particular standard, quality, or grade when it was of another in violation of Section 17.46(b)(7) of the DTPA;

D. As described in this petition, CMIC and its agents represented to Plaintiff that the subject insurance policy, Defendant's adjusting and investigative services, and their numerous misrepresentations as described herein including the misrepresentation of the extent of damage to Plaintiff's property from the January 19, 2022 storm conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

E. By representing that Defendant would pay to repair the damages caused by hail and windstorm and then not doing so, Defendant has violated Sections 17.46(b)(5), (7), and (12) of the DTPA;

F. Defendant has breached an express warranty that damage caused by hail and windstorm would be covered under the subject insurance policy. This breach entitles Plaintiff to recover under Sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

G. Defendant's actions and conduct as described in this petition are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

H. Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of CMIC and its agents are a producing cause of Plaintiff's damages that are described in this petition.

## VIII. Causes of Action for Unfair Insurance Practices

Plaintiff incorporates all of the allegations in this petition for these causes of action against CMIC and its agents, under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and

conduct CMIC and its agents have engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's failure to properly and reasonably investigate Plaintiff's claim. They also include Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, Defendant's failure to pay for the proper repair of Plaintiff's property on which its liability had become reasonably clear, and Defendant's numerous misrepresentations that are described in this petition. They further include the Defendants hiring of and reliance upon biased adjusters and consultants to obtain favorable, result-oriented reports to assist the insurer in denying Plaintiff's insurance claim, which also does not constitute a reasonable investigation. In addition, Defendant failed to look for coverage and give Plaintiff the benefit of the doubt. Specifically, CMIC and its agents are guilty of the following unfair insurance practices:

    A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

    B. Engaging in unfair claims settlement practices;

    C. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

    D. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim on which Defendant's liability had become reasonably clear;

    E. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time; and

    F. Refusing to properly pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim and by conducting a sham investigation that ignored and excluded damage from the subject storm.

CMIC and its agents have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

## IX. Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiff incorporates all of the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures, and conduct, CMIC has breached its common law duty of good faith and fair dealing by denying Plaintiff's claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for its denial. CMIC has also breached its duty by unreasonably delaying payment of Plaintiff's claim and by failing to settle Plaintiff's claim because CMIC knew or should have known that it was reasonably clear that the claim was covered. CMIC's acts, omissions, failures, and conduct are the proximate cause of Plaintiff's damages.

## X. Waiver and Estoppel

CMIC has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights or denial letters previously sent to Plaintiff. Defendant is also estopped from claiming that Plaintiff is not entitled to recover as damages full replacement costs benefits or any other policy benefits like ordinance and law coverage under the subject insurance policy for not timely making repairs under the doctrines of material breach, impossibility of performance, prevention, and any other applicable doctrine. Such damages also constitute lost policy benefits, consequential damages, and an independent injury under Plaintiff's claims for violations of the DTPA and Chapter 541 of the Texas Insurance Code.

In addition, Defendant's reliance upon any alleged breach or violation by Plaintiff of a warranty, condition, or provision in the subject insurance policy, including without limitation allegations of misrepresentation or fraud, is not actionable or available as a defense unless such breach or violation caused the destruction of the property under Texas' anti-technicality statutes as expressed in Section 705.003 and 862.054 of the Texas Insurance Code.

## XI. **Damages**

The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiff's damages that include, without limitation, the unpaid reasonable and necessary cost to properly repair the storm damage to Plaintiff's property from January 19, 2022, in the amount of $346,472.02 less deductible for the hail and windstorm damage to their property, plus the cost of any temporary repairs and any investigative and engineering fees incurred during the claims process. Plaintiff is also entitled to recover the amount of its claim plus the 13.50 percent per annum interest on the amount against CMIC as damages under Section 542.060 of the Texas Insurance Code plus reasonable and necessary attorney's fees, which are to be taxed as costs of the case. All the damages described in this petition are within the jurisdictional limits of this Court.

Plaintiff is further entitled to recover any consequential damages or lost policy benefits as an independent injury due to Defendant's delay or other statutory violations that "actually caused the policy not to cover losses that it otherwise would have covered." Such damages are lost benefits under Texas law. *See USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 429, 498 (Tex. 2018). All of the damages described in this petition are within the jurisdictional limits of this Court.

## XII. **Additional Damages**

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. As a result, Plaintiff is entitled to additional damages under Section 17.50(b)(1) of the DTPA and Chapter 541 of the Texas Insurance Code.

## XIII. **Exemplary Damages**

CMIC's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally and with "malice" and "gross negligence" as those terms are defined in Chapter

41 of the Texas Civil Practice and Remedies Code. These violations by CMIC is the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish CMIC for its wrongful conduct and to set an example to deter CMIC and others similarly situated from committing similar acts in the future.

## XIV. Attorney's Fees

As a result of Defendant's conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorney's fees. Plaintiff is entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practices and Remedies Code; Chapters 541 and 542 of the Texas Insurance Code; and Section 17.50 of the DTPA.

## XV. Objection to Assignment to an Associate or Retired Judge

Plaintiff objects to the referral of this case to an associate, visiting, or retired judge for the hearing on any motion in this case or for a trial on the merits.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a trial by jury and also requests that Defendant be cited to appear and answer and that after the final hearing, in this case, the court award Plaintiff a judgment against Defendant for the following:

1. Actual damages, economic, additional, consequential, and exemplary damages in an amount within the jurisdictional limits of the court, as described herein;
2. Reasonable attorney's fees through trial and on appeal;
3. 13.50 percent per annum interest on the amount of Plaintiff's claim as damages pursuant to Chapter 542 of the Texas Insurance Code;
4. Pre-judgment and post-judgment interest as provided by law;
5. Costs of court; and
6. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**LOREE & LIPSCOMB**
The Terrace at Concord Park
777 E. Sonterra Blvd, Suite 320
San Antonio, Texas 78258
Telephone: (210) 404-1320
Facsimile:  (210) 404-1310

By: */s/ Robert W. Loree*
 Robert W. Loree
 State Bar No. 12579200
 rob@lhlawfirm.com
 Cassandra Pruski
 State Bar No. 24083690
 cassie@lhllawfirm.com

Attorneys for Plaintiff

CAUSE NO. 23-0926

| | |
|---|---|
| WESTSIDE CHURCH OF CHRIST<br>OF MARSHALL TEXAS | IN THE 71ST JUDICIAL DISTRICT<br>OF HARRISON COUNTY, TEXAS |
| V. | |
| CHURCH MUTUAL INSURANCE COMPANY, S.I. | |

ORIGINAL

## CITATION

TO: THE SHERIFF OR ANY CONSTABLE OF TEXAS
OR ANY OTHER AUTHORIZED PERSON

THE STATE OF TEXAS
COUNTY OF HARRISON

TO: **CHURCH MUTUAL INSURANCE COMPANY, S.I.**
**REGISTERED AGENT: CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET, SUITE 620**
**AUSTIN, TEXAS 78701-3218**

Attached is a copy of **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCOVERY.** This instrument was filed on the 22nd day of SEPTEMBER, 2023, in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the District Clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than thirty days after you file your answer with the District Clerk.

TO OFFICER SERVING:

This citation is issued 25th day of SEPTEMBER, 2023, under my hand and seal of said Court.

**SHERRY GRIFFIS**
Harrison County, Texas
Harrison County Courthouse
200 W. Houston St., STE 234
Marshall, TX 75670

BY: *Robyn Nielsen*
DEPUTY CLERK



Issued at the request of
ROBERT W. LOREE
777 E. SONTERRA BLVD, SUITE 320
SAN ANTONIO, TEXAS 78258
State Bar: 12579200

23-0926

**OFFICER/AUTHORIZED PERSON RETURN**

Came to hand at _____ o'clock __.m., on the _____ day of _____, 20__.
Executed at _____ in _____ County at _____ o'clock __.m.
on the _____ day of _____, 20__, by delivering to _____
defendant, in person, a true copy of this citation together with the accompanying copy of the petition attached thereto and I endorsed on said copy of the citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, 20__.
  Fee $_____

               _____
                _____ of _____ County, Texas
                by_____ Deputy

_____
  Affiant

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.
SWORN TO AND SUBSCRIBED BEFORE ME ON _____, 20__.

            _____
             Notary Public